*1134 OPINION.
Trussell:
The first issue was decided after a prior hearing as reported in 17 B. T. A. 321.
No evidence was offered relative to the second issue concerning a reduction of invested capital on account of a dividend paid during the taxable year, and the adjustment is, therefore, presumed to be correct.
The third issue is a question of the amount of deduction allowable for depreciation upon the plant buildings at Boyertown. The petitioner acquiesces in the rate of annual depreciation used by the respondent in his computation but alleges that the respondent has used the book values of the assets, which are far below the actual cost and/or values with relation to the plant buildings acquired prior to March 1, 1913. The book values were net after deducting whatever allowances for depreciation were entered upon the books in prior years. In arriving at base values for the computation the respondent has restored this depreciation in the amounts set out in the findings. Whatever of evidence of value as of March 1, 1913, there is in the record is uncontroverted and we have accepted it, finding a value for the Boyertown buildings on March 1, 1913, of $330,000. This includes the appearance on the stand of Warren M. Leaver, secretary-treasurer of the petitioner, who has been continuously with the concern since 1896, serving in various capacities with station at Boyertown, who testified in detail to the building of the various plant structures, to his own knowledge of their physical condition on March 1, 1913, and to their value in his opinion, on that date. The petitioner is entitled to a deduction from income of an allowance for depreciation of the Boyertown buildings computed upon said value together with subsequent additions valued at cost.
The fourth issue presents a claim for special assessment under sections 327 and 328 of the Revenue Act of 1918. The respondent has determined a substantial amount of invested capital, considerably in excess of that claimed in the return. The petitioner has failed to show certain costs of plant additions and of a process of enameling which were currently expensed years ago, and it admits the impossibility of now adjusting earned surplus and un *1135 divided profits to restore so much of the cost as remains undepreci-ated physically or usefully after a long useful life. In our opinion, the evidence in this respect does not justify the claims of the petitioner that “ invested capital can not be determined ” and/or that the probable amount involved constitutes an abnormality of capital or of income — assuredly not of income in view of the depreciation allowance authorized in this decision based upon the full fair market value as of March 1, 1913. There is no satisfactory evidence to show that the process of enameling, even though in use only by the petitioner, is a valuable monopoly or was not successfully imitated by competitors, or that the officers’ salaries were unreasonably or unusually low. We are of opinion that a careful consideration of the record leads to the conclusion that there is no basis for the allowance of special assessment.

Judgment will be entered pursuant to Rule 50.